## Commonwealth ex rel. v. Franek

*Brockway, Whitla & McKay*, for petitioner.
*Benjamin H. Marks*, for respondents.

McLAUGHRY, P. J., July 13, 1933.—This comes before the court on petition of Stanley R. T. Scott for mandamus against officials of the City of Farrell. On January 4, 1932, the Borough of Farrell became a city of the third class,

and its police force came under the provisions of the civil service law as provided for cities of the third class. On the same date, council elected 12 policemen. Eight of those elected had served prior to the time when Farrell became a third class city, and four of the policemen elected at this time, among them the said Stanley R. T. Scott, were commencing service for the first time. Stanley R. T. Scott was designated as chief of police at a salary of $160 a month for a period of 2 years. The ordinance fixing the number, rank and compensation of the entire police force contains the following:

"The members appointed as chief and captains shall serve for a period of 2 years, or until their successors are appointed and qualified; provided, however, they shall be subject to the provisions of the acts of assembly with reference to suspension and removal from the force, and, in which event, their successors shall serve for the unexpired term."

Mr. Scott assumed his duties for which he was elected and continued to serve the City of Farrell in that capacity until January 3, 1933. On that date, as appears from the minutes of the council, the following motion was passed:

"Motion by Levine, seconded by Nevant, to release Stanley R. T. Scott from the position of chief of police as an economy measure."

On January 4, 1933, there appears in the minutes another motion, which is as follows:

"Motion by Krauss, seconded by Nevant, to appoint James C. Davis as acting chief of police in addition to his other duties as fire chief, he to get $145 per month for both positions.

There was presented in evidence a letter addressed to Stanley R. T. Scott, dated January 5, 1933, and signed by B. H. Marks, solicitor for the City of Farrell, which reads as follows:

"You are hereby notified that your services as police officer for the City of Farrell have been terminated on January 3, 1933.

"You will kindly hand over all the property of the City of Farrell to the Mayor, Joseph A. Franek, or to the present acting chief of police, James C. Davis."

In the petition, it is alleged that the said Stanley R. T. Scott has not been lawfully removed from office as police officer and as chief of police of the City of Farrell, and that he is being unlawfully deprived of his rights to fill the offices of police officer and chief of police by the respondents. It is averred that the action of council at the meeting held on January 3, 1933, was illegal, null, and void.

At the time of the hearing, the respondents offered some testimony for the purpose of showing that the motion presented to council pertaining to the dismissal of Mr. Scott on January 3, 1933, was not correctly stated in the minutes. Objection was made to this testimony by counsel for the petitioner, and we stated at the time that we would admit the testimony, to be later determined by the court whether or not such testimony was competent. We are satisfied at this time that the objection of counsel for the petitioner should have been sustained. Without further discussion as to the law in the admission of this testimony, we think the law is briefly stated in Henry on Trial Evidence, (2 ed.) 414, sec. 377.

"The minutes of a meeting kept in pursuance of statutory direction or other authority are conclusive of the facts recorded unless the existence of fraud or collusion can be shown."

The first question to be determined is whether or not council of the City of Farrell had the authority under the provisions of the law to release a police

officer on January 3, 1933, who on January 5, 1932, had been duly elected by council as a police officer for the period of 2 years. In the ordinance pertaining to the election of city police for a period of 2 years it is stated:

"They shall be subject to the provisions of the acts of assembly with reference to suspension and removal from the force."

Section 4408 of The Third Class City Law of June 23, 1931, P. L. 932, reads as follows:

"Provided, however, That if it should become necessary to reduce the number of men in said department for purposes of economy, seniority rights shall prevail, and any and all removals for such cause or causes shall be from the members last appointed, and the member or members serving the shortest time shall be removed first; but members with longer times of service may be discharged for cause."

It is clear that the law gives a city council the right to reduce the number of men in the police department for purposes of economy. The resolution enacted on January 3, 1933, releasing Mr. Scott, states that his release is for the purpose of economy. It is apparent, therefore, that the ordinance pertaining to the election of 12 members of the police force contained the provision that they would be subject to the "provisions of the acts of assembly with reference to suspension and removal from the force." It is further apparent that the act of assembly provides that, if it shall become necessary to reduce the number of men on the police force for "purposes of economy", council has the right to release members of the force even though their election is for a period of 2 years which has not expired. It has frequently been held by our courts that the appointment of public officers, such as police officers, is not in the nature of a contract and that they may be removed at the pleasure of the power by which they have been appointed. We are of the opinion, therefore, that city council in the City of Farrell had, on January 3, 1933, the legal right to remove for economy purposes police officers elected on January 5, 1932, for a period of 2 years.

It is contended that a reading of the resolution of January 3, 1933, indicates that Mr. Scott was not removed as a member of the police force, inasmuch as the resolution as recorded in the minutes states that the motion was to release Stanley R. T. Scott "from the position of chief of police". The question is, what was the intent of council when they passed this motion? Was the intent to remove Mr. Scott, who was known as "chief of police", from the police force, or only to release him from acting as chief of police and permit him to continue as a member of the force? Testimony was presented at the hearing for the purpose of showing that Mr. Scott was at the meeting when the motion was passed, and he afterwards made statements that he had been removed permanently from the force. The question is not what Mr. Scott knew, or what he might have said. The question is, what was the intent of council, and we have no difficulty in reaching the conclusion that the intent of council at the time the motion was passed was to reduce the force by the release of Mr. Scott. The resolution stated that it was done for the purpose of economy, and it is evident that the economy desired was to be relieved from the payment of $160 a month and to have the police force continue in service without a chief of police giving full time, and adding at least some of the duties formerly performed by the chief of police to another city official without additional compensation. It also appears that Mr. Marks, city solicitor, carrying out the intention of council, for whom he was legal adviser, notified Mr. Scott in writing on January 5, 1933, that his "services as police officer of the city of Farrell have been terminated on January 3, 1933."

We think it was clearly the intent of council when they passed the motion of January 3, 1933, to dispense with the further services of Mr. Scott as a member of the police force.

Another question has been raised as to whether or not, under the above-quoted section 4408 of the Act of 1931, council had the legal right to remove Stanley R. T. Scott from the police force until after three other members of the force had been removed. This provision is that, where it is necessary to reduce the number of men for the purpose of economy, "seniority rights shall prevail, and any or all removals for such cause or causes shall be from the members last appointed, and the member or members serving the shortest time shall be removed first".

Some evidence was presented as to the hours on a particular day when the oath was administered to four men, including Mr. Scott, who began to render their first service to the Borough of Farrell or the City of Farrell, when the city government was adopted. We are unable to see any merit in this position. The act of assembly says the removals shall be the member or members "serving the shortest time". The only evidence we have before us is that these four men began "service" at the same time. The purpose of this provision in the act is to avoid injury to a police force by removing men of long and faithful service in order to make places for friends. This provision of the law is for the purpose of benefiting the citizens of the community by giving them the best police service, rather than to make jobs for persons who may be friendly to members of council. We are clearly of the opinion that the shortest service was rendered by the four men who began their duties when Farrell assumed a city government, and council had the right to remove any one of the four for economy purposes.

The question has been raised that the removal of Mr. Scott was not for economy purposes, as stated in the motion; that the members of council who voted to release Mr. Scott were not sincere when it was expressed in the motion as an "economy measure". There was evidence presented at the hearing for the purpose of showing there had been some difficulty between Mr. Scott and some members of council, and that the assertion in the motion that his removal was for the purpose of economy was a mere subterfuge. There was a denial of these statements by members of council. The burden is upon the petitioner to prove by competent testimony that the reason stated in the motion to be for *economy purposes* was only a subterfuge, and that his removal was not made for economy purposes. There has not been such testimony as would justify the conclusion advocated by the petitioner.

We are of the opinion, after giving all the questions in this case careful consideration, that the laws of the State do not prevent the discharge in good faith, without a trial and without notice, of a police officer when the office is abolished as unnecessary for reasons of economy, and that the procedure followed by council of the City of Farrell, in the removal of Mr. Scott, was in accordance with the authority given to council.

### Order

And now, July 13, 1933, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, the petitioner's application for a writ of mandamus is dismissed at the cost of the plaintiff.

From W. G. Barker, Mercer, Pa.